IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DDS TECHNOLOGIES USA INC., | |
| Plaintiff, | No. C 04-143 EJM |
| vs. | |
| | ORDER |
| XETHANOL CORPORATION, XETHANOL ONE, LLC., PERMEATE REFINING, INC., CHRISTOPHER D'ARNAUD TAYLOR, JEFFREY LANGBERG, and ROBERT LEHMAN, | |
| Defendants. | |

This matter is before the court on defendants' resisted Motion to Dismiss or Stay, filed December 22, 2004. Motion to Dismiss denied. Stayed.

On March 2, 2005, the court ordered this matter dismissed unless plaintiff DDS Technologies USA Inc. (DDS) filed a supplemental jurisdictional statement establishing subject matter jurisdiction. DDS filed the supplement on March 17, 2005.

DDS, a Nevada corporation with its principal place of business in Florida, seeks injunctive and declaratory relief against defendants Xethanol Corporation (Xethanol) and Xethanol One, Delaware corporations with their principal places of business in New York, defendant Permeate Refining, an Iowa corporation with its principal place of business in Iowa, and defendants Christopher d'Arnaud-Taylor, Jeffrey Langberg, and Robert Lehman, citizens of New York. The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

DDS is in engaged in the business of commercializing a patented technology which breaks apart harvesting or food processing residual organic material into constituent compounds that are marketable products, through the use of a dry disaggregation system (DDS System). Plaintiff entered into a business agreement (Agreement) with Xethanol involving the use of this technology. Claiming that defendants have wrongfully detained, converted, stolen or misappropriated the DDS disaggregation system, plaintiff brings this action seeking injunctive and declaratory relief, and replevin.

Defendants seeks dismissal pursuant to FRCP 12(b)(6), urging that pursuant to Section 3 of the Federal Arbitration Act, 9 USC§3, and pursuant to the Agreement, plaintiff's claims must be submitted to arbitration. Additionally, defendants assert that plaintiff's claim for injunctive relief is not a recognized cause of action. Alternatively, defendants seek a stay pursuant to 9 USC§3 pending the conclusion of the arbitration currently pending between plaintiff and Xethanol before the American Arbitration Association.

In resistance, plaintiff asserts that the claimed wrongful detention of the disaggregation system does not fall within the arbitration clause of the Agreement, and that injunctions are appropriate in arbitrable disputes. Plaintiff urges that the sole object of this action is to allow retrieval of the DDS System from Xethanol. DDS urges that the section 10.12 of the Agreement provides that the parties may seek judicial review to grant preliminary relief to prevent irreparable injury, and further, that the relief sought by DDS is outside the ambit of the arbitration provision of the Agreement.

2

In reply, defendants assert that the dispute in this matter - who has the right to possess the DDS system - is covered by the arbitration provision in the Agreement which provides that "any controversy or claim arising out of or relating to this Agreement" is subject to arbitration.

It appears that DDS and Xethanol signed the Agreement (Exhibit 1 attached to plaintiff's Amended Complaint) during July, 2003. In the spring of 2004, DDS shipped the DDS System to a Xethanol subsidiary for testing and demonstrations. Upon review, and in light of the broad agreement to arbitration in this matter (paragraph 10.10 of the Agreement), the court is satisfied that the subject of this action arises out of or relates to the Agreement, and that the subject of the dispute is therefore covered by the broad arbitration provision incorporated in the Agreement. Additionally, on this record, while the Agreement contemplates the possibility of interim judicial relief, addressing such a request for relief would appear to involve resolution of matters involving the merits of the dispute, and therefore such relief would be inappropriate. Manion v. Nagin, 255 F3d 535, 538 (8th Cir. 2001).

Plaintiff has named nonsignatories to the Agreement as defendants in this action, and it appears that the litigation as to them involves common questions of fact within the scope of the arbitration agreement. Accordingly, the Motion to Dismiss shall be denied, and the action shall be stayed.

It is therefore

ORDERED

Motion to Dismiss denied, Motion to Stay granted. The parties shall file a joint status report by not later than July 1, 2005, and quarterly thereafter, setting forth the status of this matter.

May 4, 2005.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

**Copies mailed on:** 05.04.05   mem

**to counsel of record or pro se parties as shown on docket and other parties listed here:**